

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

November 17, 1950

Affirmed by W.W.-189

Hon. Coke R. Stevenson, Jr.
Administrator
Texas Liquor Control Board
Austin, Texas

Opinion No. V-1121

Re: Authority of the Texas
Liquor Control Board to
issue a package store
permit to a non-profit
corporation which has
no capital stock.

Dear Mr. Stevenson:

You have asked our opinion as to the legality of issuing a package store permit to the Variety Club of Houston. The Variety Club is a corporation organized under subdivision 2 of Article 1302, Vernon's Civil Statutes, its charter specifying that it was formed for the support of benevolent, charitable and educational undertakings and projects. The corporation has issued no stock. We quote from your letter as follows:

"This department has taken the position that the residential requirement as to ownership of fifty-one per cent of the stock of any corporation applying for a package store permit is mandatory and must be satisfied before such permit may be issued. It has been the policy of this department to require proof of Texas residence of stockholders owning fifty-one per cent of the stock before any corporation is issued a permit. In this instance, the Variety Club of Houston is of the opinion that because they are a non-profit corporation, they do not have to furnish such proof. We would appreciate your valuable opinion as to whether or not Section 18, Article I /of the Texas Liquor Control Act; Article 666-18, V.P.C./ requires all applicant corporations to furnish proof of Texas residence of stockholders who own fifty-one per cent of the stock of the corporation." (Parenthetical matter added.)

We quote, in part, Article 666-18, Vernon's Penal Code, as follows:

"No person who has not been a citizen of Texas for a period of three (3) years immediately preceding the filing of his application therefor shall be eligible to receive a permit under this Act. No permit shall be issued to a corporation unless the same be incorporated under the laws of the State and unless at least fifty-one (51%) per cent of the stock of the corporation is owned at all times by citizens who have resided within the State for a period of three years and who possess the qualifications required of other applicants for permits; provided, however, that the restrictions contained in the preceding clause shall not apply to domestic corporations, or to foreign corporations that were doing business in this State under charter or permit prior to August 24, 1935. Partnerships, firms, and associations applying for permits shall be composed wholly of citizens possessing the qualifications above enumerated. . . ."

Specific provisions are made with reference to qualifications which must be met by individuals, partnerships, firms, associations and corporations which have issued stock when applying for permits under the Liquor Control Act. We agree with you that a corporation which has issued stock must furnish proof that at least fifty-one per cent of the stock of the corporation is owned by citizens who have resided within the State for a period of three years before a package store permit can be issued to such a corporation. Obviously, a corporation organized without capital stock cannot furnish the proof required for issuance of a permit and no provision was made by the Legislature with reference to the issuance of a permit to a corporation which has issued no stock. No rights or privileges exist under the Liquor Control Law except those expressly granted therein.

Article 666-4, Vernon's Penal Code, provides, in part, that:

"It shall not be unlawful to manufacture, distill, brew, sell, import, export, transport, distribute, warehouse, store, possess, possess for the purpose of sale, bottle, rectify, blend, treat, fortify, mix, or process

any liquor in this State, nor to possess any equipment or material designed for or capable of use for manufacturing liquor <u>provided that the rights or privileges so to do are granted by any provision of this Act. It is further expressly provided that any rights or privileges granted by the provisions of this Section, as exceptions to the prohibited acts in other sections shall be enjoyed and exercised only in the manner as provided. Any act done by any person which is not granted in this Act is hereby declared to be unlawful."</u> (Emphasis added.)

It is clear, as shown in the above quoted provisions of Article 666-4, V.P.C., that no right or privilege exists with reference to the handling of liquor unless expressly granted in the Liquor Control Act. We find no provision in the Act authorizing the issuance of a package store permit to a non-profit corporation which has issued no stock. We conclude that a package store permit may not be issued to a corporation which has no capital stock and therefore does not comply with the stock ownership requirements of the Act.

SUMMARY

A package store permit may not be issued to a non-profit corporation which has issued no stock (Arts. 666-4 and 666-18, V.P.C.).

Yours very truly,

APPROVED:

Ned McDaniel
State Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

PRICE DANIEL
Attorney General

By Clyde B. Kennelly
    Clyde B. Kennelly
      Assistant